UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Criminal No. 4:96-127(DSD/FLN)

United States of America,

          Plaintiff,

v.                                                        **ORDER**

John Edward Clark,

          Defendant.


     This matter is before the court upon defendant's pro se motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2). Based upon a review of the file, record and proceedings herein, defendant's motion is denied.

     The court sentenced defendant on April 29, 1998, pursuant to his guilty pleas to possession with intent to distribute cocaine base and failure to appear for sentencing. The court determined that defendant's total offense level was thirty-six, which constituted a base offense level of thirty-four and a two-level enhancement for obstruction of justice based upon the failure to appear count. With a criminal history category of four, the resulting guidelines range was 262 to 327 months. The court, however, granted the government's Sentencing Guidelines § 5K1.1 motion for a downward departure and sentenced defendant to 231 months. That sentence consisted of 225 months for the possession count and six months for the failure to appear count, to run consecutively. Defendant argues that his sentence should be

reduced in light of Amendment 579 to the U.S. Sentencing Guidelines, which took effect on November 1, 1998.

Under 18 U.S.C. § 3582(c)(2), the court may reduce the term of imprisonment for a defendant who has been sentenced based on a range that was subsequently lowered by the Sentencing Commission "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  The applicable policy statement, Sentencing Guidelines § 1B1.10, authorizes a § 3582(c)(2) reduction only if an amendment listed in subsection (c) of the policy statement applies.  See U.S. Sentencing Guidelines Manual § 1B1.10(a) (2007); see also id. cmt. n.1 ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.").

Amendment 579 clarified the grouping of a failure to appear conviction with the underlying offense for purposes of sentencing. Specifically, Amendment 579 amended U.S. Sentencing Guidelines § 2J1.6, application note three, to read in relevant part:

> [I]n the case of a conviction on both the underlying offense and failure to appear, other than a case of failure to appear for service of sentence, the failure to appear is treated under § 3C1.1 (Obstructing or Impeding the Administration of Justice) as an obstruction of the underlying offense, and the failure to appear count and the count or counts for the underlying offense are grouped together under § 3D1.2(c)....  The combined sentence will then be constructed to provide a 'total punishment' that satisfies the

2

>       requirements both of § 5G1.2 (Sentencing on
>       Multiple Counts of Conviction) and 18 U.S.C.
>       § 3146(b)(2).  For example, if the combined
>       applicable guideline range for both counts is
>       30-37 months and the court determines that a
>       'total punishment' of 36 months is
>       appropriate, a sentence of 30 months for the
>       underlying offense plus a consecutive six
>       months' sentence for the failure to appear
>       count would satisfy these requirements.

Amendment 579, however, is not listed in Sentencing Guidelines § 1B1.10(c).  Therefore, the court may not modify defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c).

Moreover, the court determines that defendant was sentenced in accordance with Amendment 579.  Specifically, the court determined defendant's total offense level by adding a two-level enhancement for obstruction of justice to defendant's base offense level of thirty-four for possession with intent to distribute cocaine base. The court then explicitly noted that 225 months of defendant's sentence was for the underlying drug offense and that six months was for the failure to appear count.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to modify his sentence [Doc. No. 126] is denied.

Dated:  December 20, 2007

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court